UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES LEE SIMPSON, #42565                                                                   PLAINTIFF

v.                                                        CIVIL ACTION NO.  4:11-cv-71-CWR-FKB

UNKNOWN DOCTOR                                                                               DEFENDANT

## MEMORANDUM OPINION

Plaintiff, an inmate of the Mississippi Department of Corrections, filed a Complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status.  On April 27, 2011, two Orders [ECF Nos. 3, 4] were entered in this case.  One Order directed Plaintiff to pay the required $350.00 filing fee or file a completed *in forma pauperis* application, within thirty days. The other Order directed Plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days.  Plaintiff was warned that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint, without further notice.  Plaintiff failed to comply with both of these Orders.

On June 28, 2011, an Order [ECF No. 5] was entered directing Plaintiff to show cause, on or before July 18, 2011, why this case should not be dismissed for his failure to comply with the Court's Orders of April 27, 2011.  In addition, Plaintiff was directed to comply with the previous Orders by filing the required documentation, on or before July 18, 2011.  The Show Cause Order [ECF No. 5] warned Plaintiff that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint, without further notice.  Plaintiff failed to comply with the Show Cause Order.

Since Plaintiff is proceeding *pro se*, he was provided one final opportunity to comply with the Court's Orders prior to the summary dismissal of this case. On August 8, 2011, a Final Order to Show Cause [ECF No. 6] was entered in this case. Plaintiff was directed to show cause, on or before August 23, 2011, why this case should not be dismissed for his failure to comply with the Court's Orders of April 27, 2011, and June 28, 2011. In addition, Plaintiff was directed to comply with the previous Orders by filing the required documentation, on or before August 23, 2011. The Final Order to Show Cause warned Plaintiff that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint, without further notice. Plaintiff did not comply with the Final Order to Show Cause.

Plaintiff has failed to comply with four Court orders and he has not contacted this Court since April 27, 2011. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and

failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  *See Rice v. Doe*, No. 08-20381, 2009 WL 46882, at *1 (5th Cir. Jan. 8, 2009)(affirming dismissal based on inmate's failure to comply with a court order).  Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v.  Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

This the 8th day of September, 2011.

             s/Carlton W. Reeves
             UNITED STATES DISTRICT JUDGE